# UNITED STATES DISTRICT COURT
for the

Middle District of North Carolina

Civil Division

*FILED MAY -6 2021*

Case No. **21CV354**
*(to be filled in by the Clerk's Office)*

Benjamin A Votaw

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Willie Carthens,
Cheryl Lewis,
April Locklear,
Stacey Craven-Gatling

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non–Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Benjamin A Votaw |
| Address | 525 N. Saylor Street |
| | Southern Pines, NC 28387 |
| | *City / State / Zip Code* |
| County | Moore |
| Telephone Number | 915-240-2660 |
| E-Mail Address | benvotaw@yahoo.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Willie Carthens |
| Job or Title *(if known)* | Social Worker |
| Address | 314 S. Magnolia Street |
| | Raeford, NC 28376 |
| | *City / State / Zip Code* |
| County | Hoke |
| Telephone Number | 910-878-1999 |
| E-Mail Address *(if known)* | wcarthens@hokecounty.org |

☒ Individual capacity   ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Cheryl Lewis |
| Job or Title *(if known)* | Social Worker |
| Address | 314 S. Magnolia Street |
| | Raeford, NC 28376 |
| | *City / State / Zip Code* |
| County | Hoke |
| Telephone Number | 910-875-8725 |

| | |
|---|---|
| E-Mail Address *(if known)* | clewis@hokecounty.org |

☒ Individual capacity  ☒ Official capacity

**Defendant No. 3**
- Name: April Locklear
- Job or Title *(if known)*: Social Worker Supervisor
- Address: 314 S. Magnolia Street
  - City: Raeford
  - State: NC
  - Zip Code: 28376
- County: Hoke
- Telephone Number: 910-878-1927
- E-Mail Address *(if known)*: alocklear@hokecounty.org

☒ Individual capacity  ☒ Official capacity

**Defendant No. 4**
- Name: Stacey Craven-Gatling
- Job or Title *(if known)*: Social Worker
- Address: 408 N. McNeill Street
  - City: Carthage
  - State: NC
  - Zip Code: 28327
- County: Moore
- Telephone Number: 910-638-3228
- E-Mail Address *(if known)*: staceycravenmsw@yahoo.com

☒ Individual capacity  ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. Amendment IV, U.S. Constitution
2. Amendment V, U.S. Constitution
3. Amendment VI, U.S. Constitution
4. Amendment XIV, U.S. Constitution
5. Title II, Americans with Disabilities Act
6. Section 504, Rehabilitation Act of 1973
7. Title 18 United States Code, section 241, 242, and 1512

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

1. Willie Carthens, Cheryl Lewis, April Locklear, and Stacey Craven-Gatling acted under color of state and local laws as social workers employed and/or contracted by Hoke County, North Carolina's Department of Social Services, henceforth "DSS".
2. All Defendants willfully refused to include in their investigations the clear, cogent, and convincing medical, audio, and video evidence from the Plaintiff in support of good faith reports of crimes of sexual abuse of the Plaintiff's five and seven year old children by their mother.
3. Carthens made concise statements of intent to egregiously discriminate against the Plaintiff based on gender, gender stereotypes, and military service related disabilities while colluding and conspiring with the perpetrator for professional and personal financial gain for himself and all Defendants named above.
4. Carthens, Lewis, and their supervisor, April Locklear actions of harrassing the Plaintiff support the aforementioned intent. Carthens willfully made grossly false claims against the father in concert with Stacey Craven-Gatling. Craven-Gatling was contracted by DSS to perpetuate false findings against the Plaintiff. Carthens, Craven-Gatling, and Lewis guided the perpetrator of the sexual abuse on how to aid in acts of conspiracy to discriminate and alienate the Plaintiff from Constitutionally protected parental rights while suppressing medical, audio, and video evidence as well as witness testimony given by the Plaintiff and collateral contacts he identified.
5. The Defendants have continued to obstruct a criminal investigation into the matter as well as civil proceedings against the perpetrator of abuse of the Plaintiff and his children by continual suppression of medical evidence and perjurious testimony.
6. Upon the knowledge of abuse allegations against the mother from numerous witnesses, Defendants retaliated against the Plaintiff for asking his State Representative for clarity on the Defendant's negligent actions in not upholding their duties.
7. Upon having the certain knowledge of a Federal complaint against their organization, Lewis conspired with the perpetrator and interrogated and intimidated the Plaintiff's children at their school without the Plaintiff's knowledge or consent. The Defendants all willfully intimidated the Plaintiff via phone and text and in local District Court. They conspired to falsely accuse and bear false witness against the Plaintiff to take the Plaintiff's children from his custody while encouraging Plaintiff's children to make false claims against the Plaintiff.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Moore and Hoke County, North Carolina.

B. What date and approximate time did the events giving rise to your claim(s) occur?

Please see attachment to complaint.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Please see attachment to complaint.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1. Intentional and negligent infliction of emotional distress relative to actions from Defendants.

2. Defamation of character relative to Defendants ex parte comunications about Plaintiff with school, law enforcement, and court officials and Defendant's attempts to force Plaintiff to self incriminate.

3. Intentional and negligent mental distress relative to Defendant's collusion with Plaintiff's physical and emotional abuser.

4. Grievous injury to Constitutional, Civil, and Parental rights by the Defendants in their official capacity as workers of the State.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff prays this Court will allow these matters to come on and be heard and determine relief in the form of:

1. Damages of $2,600,000.00

2. Injunctive relief in the form of a protective order of restraint against the Defendants so as to not molest, harrass, or further discriminate against a resident of a County they are not employed by, such as the Plaintiff.

3. Injunctive relief in the form of dismissal of all claims against the Plaintiff by the Defendants with prejudice to end all frivolous retaliation efforts by the Defendants.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: May 6, 2021

Signature of Plaintiff
Printed Name of Plaintiff     Benjamin A Votaw

B. **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

                *City*        *State*        *Zip Code*

Telephone Number
E-mail Address

## ATTACHMENT TO COMPLAINT

In support of the complaint, the following facts listed below were present at the time the complaint was filed:

1. On November 13, 2020, Willie Carthens entered the Plaintiff's home after going to the perpetrator of abuse's home to collaborate with the perpetrator and conceal the report of sexual abuse against the mother (perpetrator) of the Plaintiff's 5 and 7 year old children.

2. Carthens egregiously discriminated against the Plaintiff by stating his intention to help the mother, then went on to say to the 7 year old child "do you want your mommy and sister to go to jail?" Carthens then refused to take notes and evidence of the MD's diagnosis of sexual abuse dated that morning from the Plaintiff while ignoring the fact that a prior police report of sexual abuse by the mother was handed to him by the Plaintiff. He instead proceeded to ask the Plaintiff how the children were bathed at his home and then to inquire about disabilities from military service. When Plaintiff stated he was unaware of legalities on disclosing anything about military service and asked why Carthens wasn't taking the children's complaints of sexual abuse by the mother seriously, Carthens closed his notebook and left. Carthens refused to interview Plaintiff's fiancé, Emi Gentry who had witnessed everything the Plaintiff had witnessed from the children.

3. On December 2, 2020, Carthens called Plaintiff's phone to inform that DSS was closing the case. Plaintiff informed him that he already contacted State Representative, Jamie Boles and DHHS in Raleigh to request information on why DSS would allow children to go back to the home of an abuser if the investigation were incomplete and a criminal investigation was ongoing. Carthens then stated that he would investigate the case and allow for a child medical exam along with petitioning for custody removal from the mother. The Plaintiff informed Carthens that he had dashcam footage and a copy for him to have in his investigation which showed the children talking about the sexual abuse, threats, and manipulation from their mother.

4. On December 3 and 4, 2020, Carthens willfully refused to take or review the evidence presented to him on a SD card and on the Plaintiff's laptop. Carthens stated, "all you military guys are just alike" and would not get out of his vehicle in front of Plaintiff's house to even check on the children and hear what kind of fear and mental anguish his statement about the mother and jail had done to the Plaintiff and the children.

5. On December 8, 2020, the Plaintiff and his children were medically evaluated at the Moore Advocacy Center (CAC), and one child had been preliminarily diagnosed with Lichen sclerosus. A genital skin disorder cited in no less than 74 peer reviewed medical journal articles to be caused by sexual abuse.

6. Carthens had made several attempts prior to the December 8, 2020 appointment to coerce the Plaintiff into taking the children to a different provider of DSS choosing.

7. Stacey Craven-Gatling and Jessica Hubbard were contracted by Hoke DSS through April Locklear to pose as employees of the CAC and conduct a Child and Family Evaluation (CFE) from December 15, 2020 to January 25, 2021, in which they conspired to retaliate against the Plaintiff with false accusations. April Locklear acknowledged this on video March 2, 2021.

8. On January 11, 2021, Carthens set up a visitation at the Plaintiff's Attorney's office for the

mother against CAC recommendations in collusion with the mother for a hearing four days later in Hoke County Family Court. He did not supervise the visit as agreed and he allowed the mother to mentally abuse the children further during the visit as noted in the video catalog from the Plaintiff's dashcam footage before and after the visit.

9. On January 15, 2021, Carthens stated on the record in Hoke County Family Court case number 19/20CVD894 that the CFE was completed on January 7, 2021, and the findings were the mother had not sexually abused the children but that the father told the children to say she had. This perjury was committed by Carthens to get the mother joint-custody on January 15, 2021 to aid her in making the children lie for her in two more visits with the CFE social worker Stacey Craven-Gatling, as it was not completed until January 25, 2021.

10. On January 19 and 21, 2021 Carthens and Craven-Gatling threatened and intimidated the Plaintiff through emails from Craven-Gatling's associate social worker, Jessica Hubbard, and text from Carthens to not allow his children and himself to continue attending trauma focused therapy together at Atlas Child and Family Counseling with Dr. Lawson in Moore County, North Carolina. They instead conspired with the mother to force the children into counseling with a fellow social worker employed by DSS for 10 years, LuEvelyn Tillman of Greater Vision Counseling and Consulting Agency in Raeford, NC.

11. On February 12, 2021, DSS social worker, Cheryl Lewis went to the Paintiff's home and conducted a safety inspection while attempting to have the Plaintiff agree to self incriminating services from DSS. The entire event was audio and video recorded by the Plaintiff and the Plaintiff was present and consented to the video and audio recording. It was disclosed to the Plaintiff that day and again on March 2, 2021, that the Plaintiff's home and the Planitiff met all DSS requirements and was adequately safe for the children to live in, though Lewis stated she would not be "re-opening the investigation" after the Plaintiff gave her a copy of video evidence contrary to the CFE findings. Lewis made the clear and cogent statement that her and Carthens have the same supervisor, April Locklear.

12. On February 12, 2021, Lewis was informed by the Plaintiff that he had been in contact with Tillman and that she scheduled him for an interview on February 13, 2021.

13. At the interview on February 13, 2021, the Planitiff was informed that the mother had called Tillman that morning to prevent the Plaintiff from seeing Tillman and providing her with audio and video evidence. Lewis was the only person in communication with the mother the Plaintiff had made aware of this interview.

14. On February 15, 2021, Carthens, went to the Plaintiff's home with fraudulent paperwork stating that DSS was substantiating alleged abuse and neglect of the children against the Plaintiff. Carthens refused to view the video, medical, and police report evidence to the contrary. He then went on to state that he knew the Plaintiff never spanked his children after alleging that he had in the paperwork. The entire event was audio and video recorded by the Plaintiff. Carthens then stated that he would have a look at the evidence now that it was in the hands of Lewis and he left the Plaintiff's home. The next day Carthens texted "the investigation part of the case is over" and also "I have more pressing matters such as subpoenas to court" to the Plaintiff.

15. On February 20, 2021, a call to the police was made from the Plaintiff's home due to threats being made against the Plaintiff's life. Officer Thomas Raper of the Southern Pines Police Department arrived at the Plaintiff's home and interviewed the Plaintiff and his children. Their statements

were that their mother had been locking them into dark rooms, spanking them, and telling them she would kill the Plaintiff in his sleep if the children did not lie for her.

16. On February 22, 2021, the Plaintiff contacted DSS and received no return call.

17. On March 2, 2021, DSS conducted a Child and Family Team (CFT) conference call with the Plaintiff. Locklear, Carthens, Lewis, and a DSS facilitator, Mr. Woods were included in the call. The entire event was audio and video recorded by the Plaintiff. During the call, Lewis, Locklear, and Carthens attempted to have the Plaintiff agree to self incriminating services from DSS with no evidence of merit to make the recommendations for the services.

18. During the March 2, 2021, CFT, Carthens stated the Plaintiff "has demonstrated ability to provide stable housing and meet children's financial needs." And "educational needs". Lewis stated "Upon visiting his home, he provides adequate food, clothing, and sleeping space." And "I have no safety concerns at the home." "I think he is able to care for the children and meet their needs."

19. After DSS gave their recommendations, the Plaintiff inquired why they had been refusing to include the evidence he submitted to them into their investigation. Lewis stated that she had reviewed it all and given it to Locklear. Locklear stated that she had not reviewed all of it, but had read through the paperwork portion of it.

20. The Plaintiff informed them about the Police officer visiting his home on February 20, 2021 and the allegations that the children's mother has been spanking them and locking them into a dark room while threatening to kill the Plaintiff. All Defendants disregarded the Plaintiff's concern and report.

21. The Plaintiff inquired if DSS had seen the complaint filed with Fedearl Health and Human Services' Office of Civil Rights (HHS OCR) in the paperwork files on the SD Card and they stated they had. They then stated that "the investigation is over." Mr. Woods then recommended to them all that they "critique" their recommendations and Carthens stated that the Defendant had "made a very good argument about the domestic violence recommendation".

22. On March 3, 2021, Lewis attempted to call the Plaintiff directly. The Plainitff communicated via text as Lewis and DSS knew of the Plaintiff's hearing disability.

23. The Plaintiff texted "please feel free to text" and Lewis stated through text "I need to talk to you and that is too much to text". Forty five minutes later, Lewis texted "This is not the departments preferred form of communication however it is urgent that due to recent developments in the case and the department responsibility to ensure safety of every child. The department will be assuming custody of the two minor juveniles. It is the departments understanding currently that the first non secure hearing will be scheduled for 3/12/21 at 9am. If you would please make sure yourself available at the hoke county annex court house, After the department assumes custody of the juveniles the department will have full placement authority and visitation will be addressed at the first court hearing on 3/12/21".

24. The Plainitff asked "what recent developments" and got no response until approximately 17 hours later on March 4, 2021. Lewis stated "The children will be with Ms Votaw until court and a judge will determine visitation." Then Lewis texted "The children expressed concerns that you are locking them in dark rooms without lights if they don't say what you want them to say" The Plaintiff responded "That is a lie and you know it. You have video evidence of them saying this

Page **3** of **4**

Case 1:21-cv-00354-CCE-LPA   Document 1   Filed 05/06/21   Page 10 of 11

about their mother." Then "Under NCGS ch 7B-2901 you are required to give me a copy of your petition to the courts immediately" The Plainitff then drove to the Court Clerk to see what had been filed due to no response from Lewis.

25. Nothing had been filed and Lewis texted "You will receive appropriate serve of the petition by the court. The Plaintiff texted "You didn't file one" and "You are lying and concealing evidence". The Plaintiff went back to the Clerk's office an hour later, the petition had only just been filed minutes prior. The petition stated the first hearing was March 8, 2021, not March 12, 2021, as Lewis had communicated via text in a clear effort to mislead the Plaintiff to make him miss the hearing.

26. In the Affidavit as to Status of Minor Child filed for both children on March 4, 2021, DSS made the claim that the Plainitff had no custody rights and that no current custody case or protective order case was pending or affected by the petition. This is another misrepresentation and violation of the Plaintiff's Constitutional rights, as the Plaintiff did have joint custody and DSS knew there was an upcoming custody review on April 30, 2021 in which the Plaintiff had filed for full custody of his children.

27. The discrimination from DSS during court proceedings was: to mock the Plaintiff's disability and inability to hear without hearing aids; laugh and create as much distracting noise as possible while the Plaintiff was trying to enter evidence to the contrary of their false allegations; occupy the court room and jury seats with between six and ten DSS supervisors and social workers that are not involved in the case; and along with the Judge, refer to the proceedings as "DSS Court" as opposed to any truly legal variable of which the court proceedings should be named.

This the 6 day of May, 2021.

Respectfully submitted,

Benjamin A Votaw
Plaintiff
525 N. Saylor Street
Southern Pines, NC 28387
Telephone (915) 240-2660