IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BENJAMIN A. VOTAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-CV-354 |
| | ) | |
| WILLIE CARTHENS, CHERYL | ) | |
| LEWIS, APRIL LOCKLEAR, and | ) | |
| STACEY-CRAVEN GATLING, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The plaintiff, Benjamin Votaw, brings this action against four alleged employees or contractors of the Hoke County Department of Social Services over their actions during an investigation into alleged abuse of his children by their mother. Mr. Votaw asserts that during the course of the investigation and a related court hearing, the defendants violated his constitutional rights and numerous statutes. But he has not supported those claims with factual allegations that raise them beyond the speculative level. The amended complaint shows only Mr. Votaw's disagreement with the conclusions and decisions of the defendants, which is not a basis for liability. The motions to dismiss filed by the defendants will be granted for failure to state a claim.

### I. Service of Process

Three of the defendants, Willie Carthens, Cheryl Lewis, and April Locklear, challenge the validity of Mr. Votaw's service of process. Each has filed an affidavit

attesting that they "have not been served with the Summons or the Amended complaint." Docs. 19-1 at ¶ 3, 19-2 at ¶ 3, 19-3 at ¶ 3. Because the record shows service of the summons and original complaint on each of these defendants, *see* Docs. 8–10, and these defendants specifically mention the amended complaint, the Court understands the defendants to be saying that Mr. Votaw was obligated to serve them with the amended complaint and a new summons by a method authorized under Rule 4 of the Rules of Civil Procedure.

But Rule 5(a)(1)(B) and Rule 5(b)(1) specifically authorize service on counsel of a pleading filed after the original complaint. That was done here via email through the CM-ECF system. *See* Doc. 15 (showing ECF receipt by defense attorneys). The defendants have not identified any legal authority for their novel argument. *Hughes v. B/E Aerospace, Inc.*, No. 1:12CV717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do.").

The fourth defendant, Stacey Craven-Gatling, also challenges service of process. Doc. 17 at p. 5–7. But the affidavit of service, signed by a captain in the Hoke County Sheriff's Department, shows that Ms. Craven-Gatling was served with the summons, and the Clerk issued the summons with the complaint attached. *See* Doc. 7 ("you must serve on the plaintiff an answer to the attached complaint"). Ms. Craven-Gatling's counsel says she was not served with the summons, but she has not produced any evidence to support that claim. Statements of counsel in a brief are not evidence. *See, e.g., Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013).

2

If Ms. Craven-Gatling contends that Mr. Votaw was required to serve a second summons with the amended complaint using a method authorized by Rule 4 of the Rules of Civil Procedure, her argument fails for the same reasons as that of the other defendants.

The motions to dismiss will be denied to the extent they are based on inadequate service and lack of personal jurisdiction.

## II. The Claims Asserted

On page one of the amended complaint, in the heading, Mr. Votaw lists what appear to be the constitutional and statutory causes of action he is asserting. As listed and using his words, those claims are:

1. Amendment I, U.S. Constitution
2. Amendment IV, U.S. Constitution
3. Amendment V, U.S. Constitution
4. Amendment VI, U.S. Constitution
5. Amendment XIV, U.S. Constitution
6. Title II, Americans with Disabilities Act
7. Section 504, Rehabilitation Act of 1973
8. Title 18 United States Code, section 241, 242, and 1512

Doc. 15 at 1. He does not otherwise state or identify the particular claims he is making, so the Court will construe the complaint as asserting claims under the listed federal constitutional provisions and statutes.

Mr. Votaw proceeds *pro se*, and is entitled to a liberal construction of his complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the court is not permitted "to become an advocate for a *pro se* litigant or to rewrite his complaint," *Williams v. Guilford Tech. Cmty. Coll. Bd. of Trs.*, 117 F. Supp. 3d 708, 716 (M.D.N.C.

2015), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

At this stage, the Court assumes the truth of the factual allegations contained in the amended complaint and draws all reasonable inferences in Mr. Votaw's favor. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). This assumption does not extend to conclusory statements, which are insufficient to state a claim. *See, e.g., Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011).

### III. Discussion

#### A. Stacey Craven-Gatling

Ms. Craven-Gatling's motion to dismiss for failure to state a claim will be granted. There are several reasons, any one of which would be sufficient for dismissal. The Court need only address one: the absence of sufficient factual allegations to give rise to any plausible claim against Ms. Craven-Gatling.

The complaint makes only two passing references to Ms. Craven-Gatling. Mr. Votaw alleges she is a natural person capable of being sued, Doc. 15 at ¶ 2, and she "was contracted by DSS to perpetuate false findings . . . against the Plaintiff," and acted in concert with a DSS social worker to make unspecified "grossly false claims against the plaintiff." *Id.* at ¶ 9. In an attachment to the complaint that he incorporates by reference, Mr. Votaw provides a bit more detail, but those allegations are also brief and largely conclusory. He alleges that

- Ms. Craven-Gatling and another defendant were "contracted by Hoke DSS . . . to pose as employees of the [Child Advocacy Center]" to conduct an

4

evaluation, "in which they conspired to retaliate against the Plaintiff with false accusations," Doc. 15 at p. 10 ¶ 7;

- another DSS social worker committed perjury to assist his children's mother in her plan to "make the children lie for her" in visits with Ms. Craven-Gatling, Doc. 15 at p. 10 ¶ 9;

- on two occasions Ms. Craven-Gatling and a co-worker "threatened and intimidated the Plaintiff through emails from Craven-Gatling's associate social worker" and a text from the co-worker "to not allow his children and himself to continue attending trauma focused therapy together," Doc. 15 at p. 11 ¶ 10; and

- in May 2021 Ms. Craven-Gatling "attempted to . . .submit into evidence" at a court hearing in state court "the fraudulent findings of the [Child and Family Evaluation]." Doc. 15 at p. 17 ¶ 29.

These conclusory and skeletal allegations, most of which do not assert acts by Ms. Craven-Gatling, are insufficient to state a plausible claim on which relief may be granted.

While Mr. Votaw makes numerous other allegations about "the Defendants," those shotgun pleadings are not directed at Ms. Craven-Gatling specifically. Vagueness as to which party the phrase "the Defendants" refers fails to provide each defendant the factual basis for the claims specifically against him or her and "deprives them and the court of the opportunity of determining whether there are sufficient facts to make a claim against each Defendant plausible." *Luna-Reyes v. RFI Const., LLC*, 57 F. Supp. 3d 495, 503 (M.D.N.C. 2014); *accord Allen v. City of Graham*, No. 1:20CV997, 2021 WL 2037983,

5

at *2 (M.D.N.C. May 21, 2021); *Epic Tech, LLC v. STHR Grp., LLC*, No. 1:15CV252, 2015 WL 8179513, at *13 (M.D.N.C. Dec. 7, 2015), *report and recommendation adopted,* No. 1:15-CV-252, 2015 WL 9592522 (M.D.N.C. Dec. 31, 2015).

Pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, Ms. Craven-Gatling's motion to dismiss will be granted for failure to state a claim.

### B. April Locklear

The allegations against Ms. Locklear are similarly inadequate. As with Ms. Craven-Gatling, the absence of sufficient factual allegations to give rise to any plausible claim against Ms. Locklear is reason for dismissal.

The complaint mentions Ms. Locklear only once, when Mr. Votaw alleges she is a natural person capable of being sued. Doc. 15 at ¶ 2. In the attachment to the amended complaint, Mr. Votaw alleges that

- two other defendants were "contracted by Hoke DSS through April Locklear to pose as employees of the CAC" to conduct an evaluation "in which they conspired to retaliate against the Plaintiff with false accusations," and that Ms. Locklear "acknowledged this on video March 2, 2021," Doc. 15 at p. 10 ¶ 7;

- two other defendants, Ms. Lewis and Mr. Carthens, shared Ms. Locklear as a supervisor, Doc. 15 at p. 11 ¶ 11; that Ms. Locklear was a participant on a DSS conference call with the plaintiff and "attempted to have the Plaintiff agree to self incriminating services from DSS," without justification for the recommendation of those services, Doc. 15 at p. 13 ¶ 17; and

6

- Ms. Locklear received and partially reviewed evidence submitted to DSS by Mr. Votaw, Doc. 15 at p. 15 ¶ 19.

These allegations are brief, largely conclusory, relate mostly to Ms. Locklear's role as a supervisor, and do not plausibly suggest wrongdoing or an entitlement to relief. Mr. Votaw's shotgun allegations made against "the Defendants" without specifically referencing Ms. Locklear do not save his case against her, for reasons already summarized. *See supra* p. 5.

Pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, Ms. Locklear's motion to dismiss will be granted for failure to state a claim.

### C. Willie Carthens

#### 1. Factual Allegations

The allegations about Mr. Carthens are more detailed. Besides alleging in the amended complaint that Mr. Carthens is a natural person capable of being sued, Doc. 15 at ¶ 2, the plaintiff also alleges that Mr. Carthens made unspecified statements of his intent to discriminate against the plaintiff on the basis of "gender, gender stereotypes, and military service related disabilities," while colluding in unspecified ways with the mother of Mr. Votaw's children, Doc. 15 at ¶ 7; and that Mr. Carthens acted in concert with a DSS social worker to make unspecified "grossly false claims against the plaintiff" and to suppress evidence. Doc. 15 at ¶ 9.

In the attachment to the amended complaint, Mr. Votaw includes additional allegations about Mr. Carthens. These allegations focus on Mr. Carthens' role in

7

investigating child abuse allegations Mr. Votaw made against his children's mother and his testimony in state court proceedings. Mr. Votaw alleges that Mr. Carthens:

- stated an intention to help the mother, telling one of Mr. Votaw's children, "do you want your mommy and sister to go to jail?" Doc. 15 at p. 8 ¶ 2;

- repeatedly refused to take notes or accept information offered by the plaintiff about his claim that the children were abused by their mother, Doc. 15 at p. 8 ¶ 2, p. 9 ¶ 4, once with the dismissive comment that "all you military guys are just alike," Doc. 15 at p. 9 ¶ 4;

- told Mr. Votaw that "DSS was closing the case," but that Mr. Carthens would allow the children to be medically examined and would petition for their removal from the mother's custody, Doc. 15 at p. 9 ¶ 3;

- attempted to "coerce" the plaintiff into having the children examined by a medical provider other than the Moore County Children's Advocacy Center (CAC), Doc. 15 at pp. 9–10 ¶¶ 5–6;

- arranged a visitation between the children and their mother in advance of a Hoke County Family Court hearing, and then "allowed the mother to mentally abuse the children" during the visit in unspecified ways, Doc. 15 at p. 10 ¶ 8;

- testified at a court hearing about the Child and Family Evaluation ("CFE") findings that the mother had not abused the children but that Mr. Votaw had told the children to say she had—testimony that Mr. Votaw contends was perjured, Doc. 15 at p. 10 ¶ 9;

8

- texted the plaintiff about cessation of trauma-focused therapy for the plaintiff and his children, Doc. 15 at p. 11 ¶ 10;

- visited Mr. Votaw's home with paperwork accusing him of child abuse and while initially agreeing to review Mr. Votaw's evidence to the contrary, then texted the plaintiff later that "the investigation part of the case is over," Doc. 15 at p. 11 ¶ 10; and

- during a DSS conference call, "attempted to have the plaintiff agree to self incriminating services from DSS," without justification for the recommendation of those services. Doc. 15 at p. 13 ¶ 17.

While Mr. Votaw makes other shotgun allegations about "the Defendants" as a group, those allegations need not be considered. They are not directed against Mr. Carthens individually and otherwise fail to give Mr. Carthens or the Court notice of the facts underlying the claims against him. *See supra* p. 5.

### 2. Analysis

There are no facts in the amended complaint and attachment which can rationally be read to assert claims for violation Mr. Votaw's First, Fourth, Fifth, or Sixth Amendment rights. He does not identify any unconstitutional search or seizure. He does not mention which First Amendment right is at issue, much less how such right has been violated, and the same is true for any Sixth Amendment claim. He does make passing references to efforts by Mr. Carthens to force him to accept "self-incriminating services," Doc. 15 at p. 13 ¶ 17, but he has not explained what a "self-incriminating service" is, he has not alleged that he made any self-incriminating statements, he has not identified any

criminal charges he was facing, and he has not alleged that any compelled evidence was used against him in a criminal trial. *See United States v. Riley*, 920 F.3d 200, 205 (4th Cir. 2019) ("Even with regard to statements made under circumstances that would otherwise be viewed as coercive, the Self-Incrimination Clause is violated *only* if those statements are used in a criminal trial."). He does not identify what Fifth Amendment right has been violated, and in any event, there are no allegations that Mr. Carthens was acting on behalf of the United States.

The nature of Mr. Votaw's claims under § 504 of the Rehabilitation Act and Title II of Americans with Disabilities Act (ADA) is not entirely clear. Both statutes require, in this context and among other things, that a plaintiff allege exclusion from participation in a public entity's services, programs, or activities.[1] Yet Mr. Votaw does not identify the services, programs, or activities in which Mr. Carthens did not allow him to participate. He seems to say that Mr. Carthens did not allow him to participate in a DSS investigation involving his children, but he does not cite any caselaw to support the proposition that a county DSS child welfare investigation is a "program" under the Rehabilitation Act or a "program or service" under the ADA. And his allegations make it

---

[1] "In order to establish a violation of the Rehabilitation Act, a plaintiff must meet four requirements: 1) she is a 'handicapped individual,' 2) she is 'otherwise qualified' for participation in the program, 3) the program receives 'federal financial assistance,' and 4) she was 'denied the benefits of' or 'subject to discrimination' under the program." *Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3d Cir. 1991); *accord, e.g., Bd. of Educ. of Howard Cnty. v. Smith*, No. CIV. RDB 04-4016, 2005 WL 913119, at *2 (D. Md. Apr. 20, 2005). "To show a violation of Title II the plaintiff must show disability, the denial of a public benefit, and that such denial of benefits, or discrimination was by reason of the plaintiff's disability." *Kornblau v. Dade Cnty.*, 86 F.3d 193, 194 (11th Cir. 1996) (cleaned up); *accord Green v. Corrs. Corp. of Am.*, 198 F.3d 245 (6th Cir. 1999) (unpublished).

10

clear that Mr. Carthens involved him in the investigation numerous times—just not with the result or in the way that Mr. Votaw wanted. Mr. Votaw has not stated a Rehabilitation Act claim or an ADA claim.

Mr. Votaw mentions three federal criminal statutes, 18 U.S.C. §§ 241, 242, 1512, but the Supreme Court has made clear that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979). The Fourth Circuit has explained that to create a private right of action, Congress must "speak with a clear voice and the statute must unambiguously express the intent to create not just a private right but also a private remedy." *Clear Sky Car Wash LLC v. City of Chesapeake*, 743 F.3d 438, 444 (4th Cir. 2014) (cleaned up). The Supreme Court is averse to inferring a private right of action from "a bare criminal statute." *Cort v. Ash*, 422 U.S. 66, 80 (1975); *accord Doe v. Broderick* 225 F.3d 440, 447–48 (4th Cir. 2000). Mr. Votaw has not identified any legal support for the proposition that these criminal statutes create private causes of action,[2] and these claims will be dismissed.

Mr. Votaw's final federal cause of action is under the Fourteenth Amendment. This is presumably an equal protection claim, since Mr. Votaw claims discrimination based on "gender, gender stereotype, and . . . disabilities." Doc. 15 at ¶ 7.

---

[2] *See Alexander v. Jud. Standards Comm'n*, No. 7:20-CV-00066-FL, 2020 WL 4278683, at *3 (E.D.N.C. June 11, 2020), *report and recommendation adopted*, No. 7:20-CV-66-FL, 2020 WL 4279513 (E.D.N.C. July 24, 2020) (holding that 18 U.S.C. §§ 241, 242, and 1512 do not create private rights of action and collecting cases).

11

The Equal Protection Clause of the Fourteenth Amendment "guarantees equal laws, not equal results." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 273 (1979). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Beyond the conclusory assertion that Mr. Carthens stated an intent to discriminate on the basis of gender, Doc. 15 at ¶ 7, Mr. Votaw alleges no facts tending to show discrimination based on disability and only one fact related to discrimination based on gender: that Mr. Carthens once told Mr. Votaw that "all you military guys are just alike," as part of rejecting Mr. Votaw's evidence. Doc. 15 at p. 9 ¶ 4. This assertion is just as easily interpreted as a dismissive comment about those in the military as it is about gender discrimination, and in the absence of other facts giving rise to an inference of discrimination it is insufficient to state an equal protection claim. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Moreover, Mr. Votaw alleges no facts tending to indicate that he was treated differently from others similarly situated.

Mr. Votaw might also be making Fourteenth Amendment procedural or substantive due process claims. To the extent he says he was denied due process in the DSS investigation, his own allegations are to the contrary. Procedural due process typically guarantees notice and an opportunity to be heard. *Mora v. City of Gaithersburg*,

12

519 F.3d 216, 230 (4th Cir. 2008). He says that DSS employees communicated with him on numerous occasions, admits there was a court hearing related to the investigation where he could present evidence, Doc. 15 at p. 10 ¶ 9, p. 16 ¶ 27, and does not identify any process he was denied. Mr. Votaw has not alleged facts showing that the DSS "investigation did not meet the minimum standards required by procedural due process." *Wolf v. Fauquier Cnty. Bd. Of Supervisors*, 555 F.3d 311, 322–23 (4th Cir. 2009).

Mr. Votaw repeatedly asserts that Mr. Carthens and "the Defendants" committed perjury, and arguably a perjury allegation should be construed as a due process claim. *Sutherlin v. Smith*, No. 4:15-CV-00037, 2016 WL 4183354, at *7 (W.D. Va. Aug. 5, 2016) (recognizing the due process clause as the asserted basis of plaintiff's perjury claim); *Surine v. State Police Emergency Response Team*, No. 4:08-CV-1921, 2012 WL 162463, at *5 (M.D. Pa. Jan. 19, 2012) (recognizing the validity of construing allegations of perjury as a due process claim). But only one of these allegations is specific and directed to a factual matter as opposed to an opinion: that Mr. Carthens testified that a "CFE" was completed on January 7, 2021, when it was not completed until January 24, 2021. Doc. 15 at p. 11 ¶ 10. Assuming the truth of this allegation, as one must at the Rule 12(b)(6) stage, Mr. Votaw has not alleged any facts to show that the date of the evaluation was material, and even assuming it was deliberately false, such testimony about such a housekeeping detail is insufficient to state a due process violation.

To the extent Mr. Votaw asserts that the defendants have violated his substantive due process rights, his allegations are similarly deficient. The right to familial privacy, though fundamental, is not absolute nor unqualified, and may be outweighed by a

13

legitimate governmental interest, such as curtailing the abuse and neglect of children. *Hodge v. Jones*, 31 F.3d 157, 163–64 (4th Cir. 1994). The right to familial privacy does not include a constitutional right to be free from child abuse investigations. *Id.* at 164. Mr. Votaw's complaint reflects his disagreement with the way DSS staff conducted its investigation and with their conclusions, but opinions are not enough to state a substantive due process claim.

In the alternative, the facts as pled show that Mr. Carthens is entitled to immunity to the Fourteenth Amendment claims, as Mr. Carthens asserts. Doc. 19 at p. 23. As a social worker, Mr. Carthens has absolute immunity for prosecutorial activities, such as exercising judgement and discretion in deciding to begin a judicial proceeding. *See Vosburg v. Dep't of Soc. Servs.*, 884 F.2d 133, 137 (4th Cir. 1989). For non-prosecutorial conduct, such as conducting a child abuse investigation, social workers have qualified immunity. *See Renn By & Through Renn v. Garrison*, 100 F.3d 344, 349 (4th Cir. 1996); *Evans v. Perry*, 578 F. App'x 229, 232 (4th Cir. 2014). It applies here since the facts as alleged do not show the violation of a clearly established constitutional right. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs.*, 597 F.3d 163, 169 (4th Cir. 2010).

Pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, Mr. Carthens' motion to dismiss will be granted for failure to state a claim.

### D. Cheryl Lewis

The motion to dismiss for failure to state a claim filed by Ms. Lewis will be granted. The factual allegations do not give rise to any plausible claim against her.

14

The complaint makes only one reference to Ms. Lewis. Mr. Votaw alleges she is a natural person capable of being sued. Doc. 15 at ¶ 2. In the attachment to the amended complaint, Mr. Votaw alleges that Ms. Lewis conducted an inspection of his home in her role as a social worker, Doc. 15 at p. 11 ¶ 11; that Ms. Lewis was in communication with the mother of the children, Doc. 15 pp. 11–12 ¶¶ 12–13; that Ms. Lewis was a participant on a DSS conference call with Mr. Votaw and "attempted to have the plaintiff agree to self-incriminating services from DSS," without justification for the recommendation of those services, Doc. 15 at p. 13 ¶ 17; that Ms. Lewis reviewed evidence provided by Mr. Votaw and found his home adequate for the children's needs, Doc. 15 at p. 13 ¶¶ 18–19; that Ms. Lewis attempted to reach him by phone and then through a series of texts told him that her department would be assuming custody of his children, provided a tentative court date and time that turned out to be inaccurate, and provided the reasons for the custody order, Doc. 15 pp. 14–16 ¶¶ 22–25; and that she also failed to respond to Mr. Votaw's accusations by text that the reasons for the custody order were lies. *Id*. Mr. Votaw learned of the correct court date from the Clerk's office and appeared for the hearing. Doc. 15 at p. 15 ¶ 25. As with the other defendants, the Court sets aside the shotgun allegations about "all defendants," which are too vague for consideration.

These allegations do not state a claim for any of the causes of action Mr. Votaw asserts. The allegations against Ms. Lewisr are less detailed than those directed to Mr. Carthens and fail largely for the same reasons. There are no plausible First, Fourth, Fifth, or Sixth Amendment claims. The allegations show no Rehabilitation Act or ADA programs or services of which he was deprived. There are no allegations specific to Ms.

15

Lewis related to Mr. Votaw's gender or disability, and so there is no equal protection claim. The only possible due process violation arises from the text in which Ms. Lewis told Mr. Votaw about the date and time of a court hearing. But that text contained an explicit qualification that the time and date were her office's current understanding, and in any event, he was able to attend the hearing, so his due process rights are not implicated.

Pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, the motion to dismiss filed by Ms. Lewis will be granted for failure to state a claim.

## IV. Conclusion

A liberal construction of the pleadings "is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (citing *Smith v. Smith*, 589 F.3d 736, 738 (4th. Cir. 2009); *accord Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020). But liberal construction of a *pro se* plaintiff's pleading does not require the Court to ignore clear defects in pleading, *see, e.g., Chrisp v. Univ. of N. Carolina-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020), and a *pro se* complainant's pleadings must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (2009).

Here, Mr. Votaw has alleged that the defendant social workers came to the wrong conclusion after they investigated his allegations against the mother of his children and he quarrels with their approach to the investigation, which he believes did not give enough credence to his accusations and evidence. But that does not state a claim on which relief may be granted. His conclusory assertions about lies, perjury,

16

discrimination, and interference do not suffice, and the specific factual allegations he does set forth show events just as likely to be ordinary mistakes, judgment calls, or communications difficulties as constitutional violations. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Most of Mr. Votaw's claims do not even rise to the level of the possible, and the rest show only a "sheer possibility" that any defendant acted unlawfully. *Id.* The motions to dismiss will be granted for failure to state a claim.

It is **ORDERED** that:

1. The motion to dismiss filed by Stacey Craven-Gatling, Doc. 16, is **DENIED** to the extent it is based on Rules 12(b)(1), (2), and (5) but is **GRANTED** pursuant to Rule 12(b)(6) for failure to state a claim.

2. The motion to dismiss filed by Willie Carthens, Cheryl Lewis, and April Locklear, Doc. 19, is **DENIED** to the extent it is based on Rules 12(b)(1) - (5) but is **GRANTED** pursuant to Rule 12(b)(6) for failure to state a claim.

3. Judgment will be entered separately.

This the 25th day of August, 2021.

_____
UNITED STATES DISTRICT JUDGE